*In re* GILBERTO OSCAR MARTÍNEZ MARTÍNEZ, querellado.

Número: AB-2002-26          Resuelto: 31 de marzo de 2003

*Roberto Sánchez Ramos*, procurador general, *Vanessa Lugo Flores*, subprocuradora general, y *Cynthia Iglesias Quiñones*, procuradora general auxiliar; *Gilberto O. Martínez, pro se.*

PER CURIAM: Los Sres. Efraín Rosa Casillas, Luis Cruz Figueroa y Julio Medina Ayala presentaron una queja ante este Tribunal contra el Lcdo. Gilberto Oscar Martínez Martínez. En ella, en síntesis, le imputaron al referido abogado haber sido negligente en el trámite de un asunto que le habían confiado —referente a unas sanciones disciplina-

rias que, como guardias municipales de Fajardo, le habían sido impuestas por el Alcalde de dicho pueblo— lo cual desembocó en una decisión de la Comisión de Investigación, Procesamiento y Apelación (CIPA), desestimando su caso. Referimos la queja a la Oficina del Procurador General de Puerto Rico, la cual rindió un informe ante este Tribunal de fecha 25 de octubre de 2002. En dicho informe, el Procurador General concluye que el licenciado Martínez Martínez violentó las disposiciones de los Cánones 18 y 19 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX. El 26 de noviembre de 2002, mediante Resolución a esos efectos, le concedimos al referido abogado el término de veinte días, a partir de la fecha de notificación, para que se expresara sobre el informe del Procurador General.

La referida Resolución le fue enviada al licenciado Martínez Martínez a su última dirección obrante en el Tribunal.(¹) No compareció. *En vista a ello, éste fue notificado, por conducto de su secretaria, con copia de dicha Resolución por un alguacil de este Tribunal, el día 15 de enero de 2003.* No ha comparecido.

Tomamos conocimiento judicial de otros expedientes obrantes en la Secretaría de este Tribunal,(²) en los cuales nos enfrentamos a una situación similar, *a saber*:

1. *AB–2002–25.* Este caso trata de una queja, presentada por el Sr. Luis A. Cruz Figueroa, contra el licenciado Martínez Martínez, la cual fue remitida por este Tribunal a la Oficina del Procurador General. Éste, mediante escrito de fecha 24 de julio de 2002, nos informó que el referido abogado no le había prestado atención alguna a dos de sus

---

(¹) Reiteradamente hemos resuelto que todo abogado, admitido al ejercicio de la profesión en nuestra jurisdicción, tiene el *deber* y *la obligación* de mantener informado al Tribunal de cualquier cambio en su dirección y que el abogado que incurre en esa omisión *puede y debe* ser suspendido, de manera temporera del ejercicio de la profesión en Puerto Rico.

El licenciado Martínez Martínez ha *violado* esa norma, lo cual constituye razón, *suficiente y por sí sola*, para suspenderlo del ejercicio de la profesión de abogado.

(²) Regla 11 de Evidencia, 32 L.P.R.A. Ap. IV; *Asoc. de Periodistas v. González*, 127 D.P.R. 704, 714 (1991).

comunicaciones. En vista a ello, mediante Resolución de 2 de agosto de 2002, le ordenamos al licenciado Martínez Martínez que contestara los requerimientos del Procurador General, apercibiéndole de que de no hacerlo sería objeto de sanciones disciplinarias. *No* lo ha hecho. Así nos lo ha informado el Procurador General mediante moción de fecha 9 de enero de 2003.

2. *AB–2003–28.* La Sra. Elizabeth Polo se querelló ante la Comisión de Ética del Colegio de Abogados de Puerto Rico de una supuesta conducta del licenciado Martínez Martínez, violatoria de los cánones del Código de Ética Profesional, mediante comunicación a esos efectos de fecha 13 de agosto de 2002. Mediante escrito de fecha 12 de febrero de 2003, el Colegio de Abogados nos informó que, a pesar de los esfuerzos realizados, *no* ha podido lograr que el licenciado Martínez Martínez comparezca ante su Comisión de Ética. En vista a ello, mediante Resolución de 28 de febrero de 2003, le ordenamos al licenciado Martínez Martínez comparecer ante la referida Comisión de Ética y ante este Tribunal a expresar las razones por las cuales no debía ser disciplinado. *No* ha comparecido.

I

Resulta obvio que el Lcdo. Gilberto Oscar Martínez Martínez *no* interesa continuar practicando la honrosa profesión de abogado en nuestra jurisdicción.

Reiteradamente hemos expresado que los abogados tienen la ineludible obligación de responder diligentemente a los requerimientos de este Tribunal y que no toleraremos la incomprensible y obstinada negativa de un miembro de nuestro foro de cumplir con las órdenes de este Tribunal. *In re Guemárez Santiago I*, 146 D.P.R. 27 (1998).

Por las razones antes expresadas, *procede separar, de forma inmediata e indefinida, del ejercicio de la profesión*

*de abogado y de la notaría a Gilberto Oscar Martínez Martínez, hasta que otra cosa disponga este Tribunal; le imponemos el deber de notificar a todos sus clientes de su presente inhabilidad de seguir representándolos, devolver cualesquiera honorarios recibidos por trabajos no realizados, e informar oportunamente de su suspensión a los distintos foros judiciales y administrativos del País. Deberá, además, certificarnos dentro del término de treinta días a partir de su notificación el cumplimiento de estos deberes. El Alguacil de este Tribunal procederá a incautarse de la obra notarial de Gilberto Oscar Martínez Martínez, incluyendo su sello notarial, luego de lo cual los entregará a la Oficina de Inspección de Notarías para el correspondiente examen e informe a este Tribunal.*

*Se dictará sentencia de conformidad.*

El Juez Presidente Señor Andréu García no intervino.